**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

———————————

**No. 19-2348**

———————————

W. S.,

        Plaintiff – Appellee,

    v.

CASSANDRA DANIELS; URSULA BEST; SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES,

        Defendants – Appellants,

    and

BOYS HOME OF THE SOUTH INC; VERNON HAYES; KATHY COOK, Ph.D.; PETER HARRIS; NICOLE WHITE; NICOLE LINDSEY; CYNTHIA BROCK; RICHELLE OWENS; JOEL STOUDENMIRE; BRYSON THOMASON; F. JORDAN EARLE; DR CLARK JERNIGAN; JON MCCLURE; CLIFF BROWN; DR BETTY MCCONAGHY; GRANT BURNS; MALINDA L. ROBINSON; DON KISER; STEVE ROACH; ELLIOT BOTZIA; KATHERINE SYMONETTE,

        Defendants.

———————————

**No. 19-2349**

———————————

W. S.,

        Plaintiff – Appellant,

    v.

CASSANDRA DANIELS; URSULA BEST; SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES,

Defendants – Appellees,

and

BOYS HOME OF THE SOUTH INC; VERNON HAYES; KATHY COOK, Ph.D.; PETER HARRIS; NICOLE WHITE; NICOLE LINDSEY; CYNTHIA BROCK; RICHELLE OWENS; JOEL STOUDENMIRE; BRYSON THOMASON; F. JORDAN EARLE; DR CLARK JERNIGAN; JON MCCLURE; CLIFF BROWN; DR BETTY MCCONAGHY; GRANT BURNS; MALINDA L. ROBINSON; DON KISER; STEVE ROACH; ELLIOT BOTZIA; KATHERINE SYMONETTE,

Defendants.

---

**No. 19-2350**

---

W. S.,

Plaintiff – Appellee,

v.

CASSANDRA DANIELS; URSULA BEST; SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES,

Defendants – Appellants.

---

**No. 19-2376**

---

W. S.,

Plaintiff – Appellant,

v.

CASSANDRA DANIELS; URSULA BEST; SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES,

2

Defendants – Appellees.

Appeals from the United States District Court for the District of South Carolina, at Anderson. Donald C. Coggins Jr., District Judge. (8:16-cv-01032-DCC; 8:16-cv-01280-DCC)

Argued: March 9, 2021                                                    Decided: March 3, 2022

Before MOTZ, KING, and WYNN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished opinion. Judge King wrote the opinion, in which Judge Motz and Judge Wynn joined.

**ARGUED:** Andrew Lindemann, LINDEMANN, DAVIS & HUGHES, PA, Columbia, South Carolina, for Appellants/Cross-Appellees. Robert James Butcher, CAMDEN LAW FIRM, PA, Camden, South Carolina, for Appellee/Cross-Appellant. **ON BRIEF:** James W. Logan, Jr., LOGAN & JOLLY, LLP, Anderson, South Carolina, for Appellants/Cross-Appellees. Heather Hite Stone, Thomas E. Hite, III, Thomas E. Hite, Jr., HITE & STONE, Abbeville, South Carolina, for Appellee/Cross-Appellant.

Unpublished opinions are not binding precedent in this circuit.

KING, Circuit Judge:

These cross-appeals follow a March 2019 jury trial in the District of South Carolina on plaintiff W.S.'s claims against the South Carolina Department of Social Services ("SCDSS") and its employees Cassandra Daniels and Ursula Best (collectively, the "SCDSS defendants"). W.S.'s claims — of gross negligence (under state law) against SCDSS and substantive due process violations (under 42 U.S.C. § 1983) against Daniels and Best — are predicated on four incidents of sexual abuse that W.S. allegedly suffered as a minor over a nearly three-year period while in the custody of SCDSS at the Boys Home of the South ("BHOTS"). Prior to the trial, the district court denied W.S.'s requests for further discovery and for leave to file an amended complaint alleging 17 additional incidents of sexual abuse. By that time, W.S. had agreed to settle his claims against various other defendants, including BHOTS and individuals related thereto (collectively, the "BHOTS defendants"), for the sum of $825,000.

During the five-day trial, the district court narrowed the scope of W.S.'s § 1983 claims on qualified immunity grounds. At the trial's conclusion, the jury found three of the four alleged incidents of sexual abuse and awarded W.S. $400,000 in compensatory damages on his state law claims against SCDSS. The jury also awarded W.S. $67,000 in compensatory damages plus $67,000 in punitive damages on the § 1983 claims against Daniels and Best. In the post-trial proceedings, the SCDSS defendants unsuccessfully argued that the § 1983 claims are wholly barred due to the availability of an adequate state remedy. Pursuant to South Carolina's setoff rule, they also sought to reduce the jury's damages awards by the full amount of W.S.'s $825,000 pretrial settlement with the BHOTS

4

defendants. The court denied Daniels and Best a setoff with respect to the $134,000 award on the § 1983 claims, but the court granted SCDSS a setoff that reduced the award on the state law claims from $400,000 to $0. Finally, in connection with the § 1983 claims, the court awarded attorney's fees and costs to W.S. under 42 U.S.C. § 1988 in the total amount of $629,605.64.

In these 28 U.S.C. § 1291 appeals from the final judgment, W.S. contends that the district court abused its discretion in its pretrial rulings denying further discovery and leave to amend the complaint; that the court erroneously narrowed the scope of the § 1983 claims at trial on qualified immunity grounds; and that the court wrongly granted SCDSS the setoff that eliminated the jury's damages award on the state law claims. For their part, the SCDSS defendants assert that the court erred in not deeming the § 1983 claims to be wholly barred and by denying Daniels and Best a setoff with respect to the damages award on those claims. Additionally, the parties dispute the propriety of the court's award of attorney's fees and costs to W.S., with the SCDSS defendants insisting the award is too high and W.S. maintaining it is too low.

Having carefully considered the record, the parties' briefs, and the arguments of counsel before this Court, we have identified one meritorious contention that is the focus of our decision today: W.S.'s contention that the district court erred in granting SCDSS's post-trial request for a setoff. Accordingly, we vacate the court's judgment as to that setoff ruling and remand for further proceedings thereon. We affirm the judgment in all other respects.

5

I.

We turn to our discussion of the district court's setoff ruling in favor of SCDSS, which eliminated the jury's $400,000 award to W.S. on the state law claims because of his $825,000 pretrial settlement with the BHOTS defendants. That ruling presents a question of South Carolina law that we review de novo. *See Ward v. Allied Van Lines, Inc.*, 231 F.3d 135, 138 (4th Cir. 2000).

A.

As this Court has recognized, "South Carolina's setoff rule rests on the 'almost universally held [principle] that there can be only one satisfaction for an injury or wrong.'" *See Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 596 (4th Cir. 1996) (alteration in original) (quoting *Truesdale v. S.C. Highway Dep't*, 213 S.E.2d 740, 746 (S.C. 1975)). Under the setoff rule, "[a] non-settling defendant is entitled to credit for the amount paid by another defendant who settles for the same cause of action." *See Rutland v. S.C. Dep't of Transp.*, 734 S.E.2d 142, 145 (S.C. 2012). As such, "before entering judgment on a jury verdict, the [trial] court must reduce the amount of the verdict to account for any funds previously paid by a settling defendant, so long as the settlement funds were paid to compensate the same plaintiff on a claim for the same injury." *See Smith v. Widener*, 724 S.E.2d 188, 190 (S.C. Ct. App. 2012).[1]

---

[1] A statutory right to setoff is set forth in South Carolina's Uniform Contribution Among Tortfeasors Act, which is not applicable to governmental entities. *See* S.C. Code §§ 15-38-50(1), 15-38-65. In cases involving such entities, however, a "trial court's jurisdiction to set off one judgment against another is equitable in nature and should be (Continued)

Significantly, the *Smith* decision explains that there is a clear right to a setoff "when a prior settlement involves compensation for the same injury for which the jury awarded damages," and there is no right to a setoff "when the prior settlement involves compensation for a different injury from the one tried to verdict." *See* 724 S.E.2d at 191. But what if "a settlement is argued to involve two claims, one of which involves the same injury as the claim tried to verdict and one of which does not"? *See id.* In such a situation, *Smith* requires the trial court to "make the factual determination of how to allocate the settlement between the two claims." *See id.*; *accord Jolly v. Gen. Elec. Co.*, No. 2017-002611, __ S.E.2d __ (S.C. Ct. App. Sept. 1, 2021).

B.

1.

The settlement agreement between W.S. and the BHOTS defendants, which was executed in February 2017, releases the BHOTS defendants from claims beyond those predicated on the four alleged incidents of sexual abuse presented at the March 2019 trial. Indeed, the agreement specifies that the "release includes, but is not limited to, all claims that were asserted, could have been asserted, or should have been asserted against the [BHOTS defendants] in the [District of South Carolina action]." *See* J.A. 2379 (sealed).[2] The agreement provides for the payment to W.S. of "the total sum of Eight Hundred

---

exercised when necessary to provide justice between the parties." *See Smalls v. S.C. Dep't of Educ.*, 528 S.E.2d 682, 688 (S.C. Ct. App. 2000).

[2] Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties in these cross-appeals.

Twenty-five Thousand Dollars ($825,000.00)," without assigning any particular amount to any particular claim. *Id.*

2.

In the post-trial proceedings, W.S. advanced a variety of grounds in opposition to SCDSS's request for a setoff with respect to the jury's $400,000 award on the state law claims. Relevant here, W.S. emphasized that his settlement with the BHOTS defendants "covers many more harms than the jury verdict addresses," and he specifically referenced the 17 additional incidents of sexual abuse that he unsuccessfully sought to assert in an amended complaint. *See* J.A. 2138-39. All of the sexual abuse incidents — the four that were presented at trial and the 17 that were not — allegedly occurred during the nearly three-year period that W.S. was in SCDSS's custody at BHOTS.

Because "the BHOTS settlement [is] much broader in scope than the narrow issues that were presented to the jury," W.S. urged the district court to deny a setoff altogether. *See* J.A. 2137. He characterized SCDSS's setoff request as "asking the Court to compare apples and oranges," in that "the settlement with [the BHOTS defendants] is an apple while the verdict with [SCDSS] is an orange." *Id.* at 2138-39.

In the alternative, W.S. argued that the district court should limit any setoff by giving SCDSS credit for only the portion of the $825,000 settlement attributable to the claims that the jury resolved in his favor. That is, albeit without explicitly invoking the *Smith* decision, W.S. contended that the court should "make the factual determination of how to allocate the settlement between [those claims and all other claims released]." *See Smith*, 724 S.E.2d at 191. As W.S. put it, the court should "make an equitable

8

determination as to what damages should be assigned to BHOTS for the harms in the claims in this matter and each additional harm suffered by W.S. that was not addressed in this lawsuit." *See* J.A. 2140. In conjunction with that argument, W.S. pointed to specific evidence that the court could consider "to apportion and assign damages." *Id.*

In its reply, SCDSS did not address the foregoing argument made by W.S. concerning allocation. Moreover, SCDSS continued to maintain that it is entitled to credit for the full amount of W.S.'s $825,000 settlement with the BHOTS defendants. SCDSS asserted that, absent the district court's grant of the requested setoff, W.S. would "clearly receive a double recovery." *See* J.A. 2250. According to SCDSS, W.S. "should be made whole consistent with the jury's determination of his injuries and damages, but he should not receive a windfall." *Id.*

3.

The district court rendered its setoff ruling, without first conducting a hearing, in a written decision of October 2019. *See W.S. v. Daniels*, No. 8:16-cv-01032 (D.S.C. Oct. 24, 2019), ECF No. 283 (the "Opinion"). Therein, the court acknowledged that the settlement agreement with the BHOTS defendants encompasses the entire period of nearly three years that W.S. was in SCDSS's custody at BHOTS and that the agreement's language is "very broad." *Id.* at 7.

Nevertheless, the Opinion contained no mention of W.S.'s arguments that the district court should therefore wholly deny a setoff or at least give SCDSS credit for only the portion of the $825,000 settlement attributable to the claims that the jury resolved in his favor. Nor did the Opinion acknowledge the *Smith* decision's directive that — "when

9

a settlement is argued to involve two claims, one of which involves the same injury as the claim tried to verdict and one of which does not" — "the [trial] court must make the factual determination of how to allocate the settlement between the two claims." *See* 724 S.E.2d at 191.

Rather, the district court summarily ruled that because the three sexual abuse incidents found by the jury fell within "the same time period covered by the BHOTS settlement," SCDSS is entitled to credit for the settlement's full amount. *See* Opinion 7-8. That is, the court seemingly believed that setoff for the full amount of a settlement is appropriate so long as the settlement covers the claims on which the jury awarded damages, even if the settlement also covers other claims involving different injuries. From there, the court announced that it was "offset[ting] the jury verdict of $400,000.00 against SCDSS in total." *Id.* at 8.

C.

On appeal, W.S. contends that the district court erred in granting the setoff to SCDSS, reiterating arguments that he made in that court. SCDSS responds with a theory, not raised below, that — notwithstanding the settlement agreement's broad language releasing the BHOTS defendants from "all claims that were asserted, could have been asserted, or should have been asserted against [them] in the [District of South Carolina action]," *see* J.A. 2379 — the agreement is actually limited to solely the claims asserted. According to SCDSS, because those claims involve the same injuries on which the jury awarded damages, it was properly given credit for the full amount of the $825,000 settlement.

10

Notably, SCDSS does not dispute the principle of South Carolina law that if a settlement covers both claims that were tried to verdict and claims involving different injuries that were not tried to verdict, "the [trial] court must make the factual determination of how to allocate the settlement between [those] claims." *See Smith*, 724 S.E.2d at 191. We conclude that the district court erred by disregarding that principle in rendering its setoff ruling in favor of SCDSS. Consequently, we vacate the judgment as to that ruling and remand for further proceedings. We express no opinion on how the setoff issue should be decided and leave it to the district court to consider the parties' related arguments in the first instance.

## II.

Pursuant to the foregoing, we affirm the district court's judgment in part, vacate in part, and remand for such other and further proceedings as may be appropriate.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*